MARTIN, Circuit Judge,
concurring:
I agree with the majority’s conclusion that the District Court’s denial of Mr. Brown’s § 2255 petition should be affirmed because he has not shown prejudice under Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). I write separately to emphasize two points. First, given trial counsel’s complete failure to raise the § 2118(a) issue in the District Court, Mr. Brown’s case does not implicate Davis v. Sec’y, Dep’t of Corr., 341 F.3d 1310, 1316 (11th Cir.2003) (“[Wjhen a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved.”). Davis remains binding circuit precedent and may provide the controlling prejudice standard in the appropriate case.
Second, while the Court need not address Strickland’s deficient performance prong because Mr. Brown makes an insufficient showing as to prejudice, see Strickland, 466 U.S. at 697, 104 S.Ct. at 2069, it bears repeating that “the mere absence of [controlling circuit] authority does not automatically insulate counsel’s failure to object” from being deemed deficient. Gallo-Chamorro v. United States, 233 F.3d 1298, 1304 (11th Cir.2000). Since I agree with the majority’s conclusion that Mr. Brown was not prejudiced by his counsel’s failure to raise the § 2113(a) issue, I express no opinion about counsel’s performance.